Case 1:16-cv-00003-P-BL Document 12 Filed 03/08/16 Page 1 of 3 PageID 24

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 8 2016
4:22 pm

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IVAN ALEXANDROVICH VETCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:16-CV-003-P-BL |
| LORETTA LYNCH, | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

On January 8, 2016, Ivan Alexander Vetcher, acting *pro se*, filed a "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." By Order entered on February 1, 2016, the Court construed the case as a civil rights complaint and directed that Vetcher within thirty (30) days, file an Amended Complaint on the form provided by the Clerk of Court. That February 1, 2016 Order also directed Vetcher, within thirty (30) days, either pay the $400.00 filing fee[1] or file a signed Application to Proceed *In Forma Pauperis*, a **certified** copy of his inmate trust account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his complaint, certified by one of the officers at the institution where he is incarcerated, and a signed copy of the AUTHORIZATION portion of the Certificate of Inmate Trust Account. The Order also expressly warned Vetcher in bold capital letters that:

---

[1]Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, a $350.00 filing fee will be deducted from the prisoner's account. *See* District Court Miscellaneous Fee Schedule. If the prisoner plaintiff has not been granted leave to proceed *in forma pauperis*, he must pay the $350.00 fee plus a $50.00 administrative fee, resulting in a total filing fee of $400. *See id.*

**THE FAILURE OF VETCHER TO COMPLY WITH ANY PART OF THIS ORDER MAY RESULT IN THE DISMISSAL OF CIVIL ACTION NO. 1:16-CV-003-P-BL FOR WANT OF PROSECUTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b) WITHOUT FURTHER NOTICE.**

As of the date of this Order, Vetcher has not filed any of the documents responsive to this Court's February 1, 2016 Order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Rather than file the documents to be in compliance with this Court's Order in this case, Plaintiff Vetcher filed, on March 2, 2016, a document entitled "Notice" in which he wrote, "a 42 U.S.C. § 1983 has been filed in Dallas Division under 3:16-CV-0500-D-BK." (doc. 10.) Because Vetcher has not timely filed the documents required to maintain this case, and as it appears Vetcher has chosen to seek relief in the Dallas division, this particular case should be dismissal under authority of Rule 41(b) for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days

after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

Signed March 8, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE